IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SEAN BOLDEN AND LARRY BURDEN, | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. 4:10-cv-567 |
| | § | |
| vs. | § | |
| | § | |
| GREENSHIELD FINANCIAL SERVICES, | § | JURY DEMANDED |
| LLC AND BRANDON DAVENPORT, | § | |
| | § | |
| Defendants | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Sean Bolden and Larry Burden file this First Amended Complaint, and state:

## I.  SUMMARY

1.     This is an action for race discrimination under 42 U.S.C. § 1981 and for failure to pay overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

## II.  PARTIES

2.     Plaintiffs are individuals residing in Tarrant County, Texas.

3.     Defendant Greenshield Financial Services, LLC is a Texas limited liability company that may be served through its Registered Agent, Brandon Davenport, 1301 Central Expressway South, Suite 200, Allen, Texas 75013.

4.     Defendant Brandon Davenport is an individual who may be served at his place of work, 1301 Central Expressway South, Suite 200, Allen, Texas 75013.

## III.  JURISDICTION AND VENUE

5.     This Court has federal question jurisdiction over this matter, because Plaintiffs' claims arise under 42 U.S.C. § 1981 and the Fair Labor Standards Act.  This Court has supplemental jurisdiction over Plaintiffs' breach of contract claims.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2).

## IV.  COVERAGE

7.     At all relevant times, Defendant Greenshield has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and 42 U.S.C. § 1981.

8.     At all relevant times, Defendant Greenshield has been an enterprise within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

9.     At all relevant times, Defendant Greenshield has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.  29 U.S.C. § 203(s)(1).  Further, Defendant Greenshield has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10.      At all relevant times, Defendant Davenport has been an employer under the FLSA.

## V.  FACTS

11.     From May 2010 through September 24, 2010, Plaintiffs were employed by Defendant Greenshield as Debt Consultants.  Plaintiffs are both African American.  Defendant Greenshield involuntarily terminated Plaintiffs' employment.

12.     Plaintiffs were successful Debt Consultants.  Both Plaintiffs met and exceeded the sales quotas that were imposed upon them by Defendant Greenshield.

13.     As of the date that Plaintiffs were terminated, Defendant Greenshield had approximately 30 Debt Consultants.  Plaintiffs were both among Defendant Greenshield's ten best performing Debt Consultants.

14.     Defendant Greenshield gave Plaintiffs no reason for their terminations.  Plaintiffs committed no misconduct, nor had any performance shortcomings, to justify their terminations.

15.     Several Caucasian Debt Consultants were retained by Defendant Greenshield even though they did not perform as well as did the Plaintiffs.

16.     During a Group Call Review, in response to something that Plaintiff Bolden said, Defendant Greenshield's Vice President, Shelly Porterfield, said to Bolden, with several others present, "What are you, white?"  Later, Porterfield began calling Bolden a "gangster."

17.     Another of Defendant Greenshield's employees stated that Bolden had a "dark cloud" hanging over him.   Other of Defendant Greenshield's employees began referring to Bolden as "dark cloud."

18.     After Plaintiffs were terminated, they did not receive any commission payments from Defendant Greenshield.   However, at least one Caucasian employee who was also terminated did receive commission payments.

19.     In a call review, Tony Kuo, Defendant's Director of Training, told Plaintiff Burden that he sounded "ghetto."  There were approximately 8-10 other employees present when Kuo said this.

20.     During their employment with Defendant Greenshield, Plaintiffs routinely worked in excess of 40 hours of week.  Defendant Greenshield knew that Plaintiffs did so and directed them to do so.   Plaintiffs were not paid overtime for doing so.   Defendant Greenshield improperly classified Plaintiffs as "exempt" under the FLSA.  Plaintiffs' job duties did not make them exempt.  For example, Plaintiffs did not supervise any other employees, and they were not outside salespeople.  Plaintiffs are entitled to receive payment at a rate no less than time and a half for all hours worked in excess of 40 per week, as well as liquidated damages.   Upon information and belief, Defendant Davenport directed and approved (a) the misclassifications of

Plaintiffs, (b) them working over 40 hours per week, and (c) them not being paid overtime for doing so. Defendants' misclassification of Plaintiffs, and their requiring of Plaintiffs to work in excess of 40 hours per week, was committed willfully. Defendant Davenport owns Defendant Greenshield.

21.     Plaintiffs have suffered economic damages as a result of their terminations.

22.     Plaintiffs have suffered emotional distress as a result of their terminations.

23.     Plaintiffs were promised payment for attending training provided by Defendant Greenshield, but they were not paid for the training.

24.     Defendant Greenshield has failed to pay Plaintiffs all of the commissions to which they are entitled.

## VI.  CAUSES OF ACTION

25.     Plaintiff incorporates all allegations contained in paragraphs 1-24.

26.     Defendant Greenshield terminated Plaintiffs' employment because of their race, African American, in violation of 42 U.S.C. § 1981.  Plaintiffs are members of a protected group, African American.  Plaintiffs were qualified to perform their jobs.  Plaintiffs suffered adverse employment actions, termination of their employment.  Caucasian and other non African American employees who did not perform as well as Plaintiffs were not terminated.  As a result of Defendant's unlawful conduct, Plaintiffs have suffered the loss of back pay and front pay. Plaintiffs have also experienced emotional distress.

27.     Defendant Greenshield's conduct was committed intentionally and maliciously. Plaintiffs seek to recover punitive damages.

28.     Defendants haves violated the FLSA, and specifically 29 U.S.C. §§ 207 and 215(a)(2), by employing Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty weeks,

without compensating Plaintiffs at a rate of no less than one-and-one half times the regular rate for which Plaintiffs were employed.  Plaintiffs seeks their actual and liquidated damages.

29.     Defendant Greenshield breached its contractual obligations to pay Plaintiffs for the time they spent in training, and for all of their commissions.  Plaintiffs sue Defendant Greenshield for breach of contract.

30.     Plaintiffs have been required to retain the undersigned attorneys to prosecute their claims.  Plaintiffs seek to recover their reasonable and necessary attorneys' fees from Defendants.

## VII.  JURY DEMAND

31.     Plaintiffs request a trial by jury.

## VIII.  PRAYER

WHEREFORE, Plaintiffs Sean Bolden and Larry Burden pray that they receive from Defendants all unpaid compensation, including unpaid overtime, back and front pay, liquidated damages, consequential damages, actual damages, punitive damages, attorneys' fees, costs, and all further relief to which they may be entitled.

Respectfully submitted,

FELL & WOOD, LLP


_____/s/Robert J. Wood, Jr._____
Robert J. Wood, Jr.
State Bar No. 00788712
Gregory B. Fell
State Bar No. 00790670

3021 E. Renner Road, Suite 140
Richardson, Texas 75082
972-488-8177
972-664-0470 (fax)

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

      The original complaint has not yet been served.  Service of this first amended complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.


                                              /s/Robert J. Wood, Jr.
                                            Robert J. Wood, Jr.